UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID MCARTHUR STRONG,

        *Plaintiffs*,

  v.

LORI CHAVEZ-DERMER,
Secretary of Labor,

        *Defendant*.

Civil Action No. 24-cv-3633 (CJN)

**MEMORANDUM OPINION**

Plaintiff David M. Strong, proceeding *pro se*, challenges an Office of Workers' Compensation Program's decision to reduce his disability compensation payments. *See* Compl. at 1, 4–6. The government has moved to dismiss. *See* ECF No. 10. For the reasons discussed below, the Court grants that Motion and dismisses this case.

**I.    Background**

As best can be understood from the complaint, Strong worked at the "Department of Health and Human Services (DHHS), The National Institutes of Health (NIH), and the National Institute of Denal Research (NIDR)" in the 1970s. Compl. at 25. In "the late Winter or early Spring of 1994" he began having "breathing difficulties," and eventually "was diagnosed with vasomotor rhinitis and reactive air ways diseases." *Id.* at 26. On January 31, 1995, Strong filed an occupational disease claim with the Office of Workers' Compensation Programs, which was accepted, and he was placed on periodic compensation rolls while not working. *Id.* at 39.

Years later, medical examiners determined that Strong's respiratory conditions had improved, and he was "capable of performing sedentary or light-duty work" in certain

1

environments. *Id.* at 39. In June 2011, based on these findings, the Office of Workers' Compensation Programs reduced his compensation benefits. *Id.* at 40. Strong requested reconsideration of this decision multiple times without success and eventually appealed to the Employees' Compensation Appeals Board. *Id.* at 41. In December 2013, the Board affirmed the Office of Workers' Compensation Programs's decision to reduce his benefits. *Id.* at 38–44. On December 31, 2024, Strong filed this suit, contesting the Office of Workers' Compensation Programs's decision and requesting "the Court [ ] enter an Order to restore [his] Back Pay with the sum off [sic], $153111.88." *Id.* at 1, 4, 6.

## II.   Analysis

The government seeks dismissal of this case under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5). To survive a motion to dismiss under Rule 12(b)(1), a plaintiff must establish that the Court has subject-matter jurisdiction over his claims. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). In deciding a 12(b)(1) motion, the Court "assume[s] the truth of all material factual allegations in the complaint and construe[s] the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks omitted). It also "may consider materials outside the pleadings." *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). If the Court finds that it lacks jurisdiction over a claim, it must dismiss that claim without prejudice. Fed. R. Civ. P. 12(b)(1), 12(h)(3); *see N. Am. Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1253 (D.C. Cir. 2020).

"Under Rule 12(b)(5), a party may seek dismissal of a complaint on the basis of 'insufficient service of process.'" *Stallard v. Goldman Sachs Grp., Inc.*, No. CV 20-2703 (RBW), 2022 WL 59395, at *4 (D.D.C. Jan. 6, 2022) (quoting Fed. R. Civ. P. 12(b)(5)). This "includes

bringing a challenge to 'the mode of delivery or the lack of delivery of [a] summons and complaint.'" *Id.* (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1353 (3d ed. 2004)). "The plaintiff bears the burden of proving that [he] effected proper service." *Jouanny v. Embassy of France in the United States*, 220 F. Supp. 3d 34, 37 (D.D.C. 2016). "[T]o do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 [of the Federal Rules of Civil Procedure] and any other applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987). "If [the] plaintiff does not meet [this] burden, the Court may dismiss the complaint without prejudice for insufficient service of process." *Hashem v. Shabi*, No. CV 17-1645 (ABJ), 2018 WL 3382913, at *3 (D.D.C. Apr. 26, 2018).

Here, the government argues that the Court lacks subject-matter jurisdiction over Strong's claims because the Federal Employees' Compensation Act ("FECA") precludes the Court from reviewing the Secretary of Labor's determinations of FECA coverage. *See* ECF 10 at 5–6. The Court agrees.

When a plaintiff's claim is covered by FECA, a federal court lacks jurisdiction over that claim. *Auld v. United States*, No. CV 22-3129 (RC), 2023 WL 6141666, at *2 (D.D.C. Sept. 20, 2023) ("This Court's jurisdiction [ ] is dependent on whether Auld's claims are covered by FECA: if they are covered, the Court lacks jurisdiction."). Strong's claim here, as best as the Court can surmise from the complaint, is that the Secretary of Labor erred in reducing his periodic compensation payments under FECA. *See* Compl. at 1, 4–6, 11. Put differently, Strong attempts to have the Court review the Secretary of Labor's decision to allow his compensation claims under FECA, to award him periodic compensation payments, and to later reduce those payments after finding he could resume some form of employment. *See id.* Because "decisions allowing or denying compensation claims under the Federal Employees' Compensation Act are 'not subject to

review by another official of the United States or by a court by mandamus or otherwise,'" the Court lacks jurisdiction to entertain Strong's claim.  *Hall v. McAleenan*, No. 19-5030, 2019 WL 5394627, at *2 (D.C. Cir. Oct. 3, 2019) (quoting 5 U.S.C. § 8128(b)); *Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991) ("FECA contains an unambiguous and comprehensive provision barring any judicial review of the Secretary of Labor's determination of FECA coverage." (internal quotation marks omitted)); *see also Lepre v. Dep't of Labor*, 275 F.3d 59, 72–74 (D.C. Cir. 2001).

Alternatively, Strong has failed to effect appropriate service of process.  Rule 4(c)(2) of the Federal Rules of Civil Procedure allows service to be effected by "[a]ny person who is . . . *not a party*[.]" Fed. R. Civ. P. 4(c)(2) (emphasis added).  "Rule 4(c)(2) is violated when a plaintiff personally attempts to serve a defendant—including the United States—by mail." *Olson v. Fed. Election Comm'n*, 256 F.R.D. 8, 10 (D.D.C. 2009).  Here, the government asserts that Strong attempted to effectuate service by personally mailing his complaint and summons to it.  *See* ECF No. 10 at 6.  Strong does not deny that that is how he attempted to effect service, nor demonstrate that that method satisfied Rule 4.  To the contrary, his own affidavit of service states that Strong mailed a copy of the summons and complaint to the government.  *See* ECF No. 5 at 18.

Accordingly, this matter is dismissed without prejudice.  A separate Order will accompany this Memorandum Opinion.

DATE:  December 19, 2025

CARL J. NICHOLS  
United States District Judge